UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:13CV0703AGF |
| FIRST RESIDENTIAL MORTGAGE SERVICES CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on the motions of Plaintiff to strike Defendant's previously filed motion for more definite statement, and for entry of Clerk's Default. (Doc. Nos. 29 & 30.) Plaintiff CitiMortgage, Inc., filed this action on April 15, 2013, and served Defendant First Residential Mortgage Services Corporation on April 30, 2013. Thereafter, counsel entered his appearance on behalf of Defendant and filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e), asserting that certain allegations in the complaint are too vague to permit Defendant properly to respond to them. Plaintiff opposed the motion, but before the Court ruled on Defendant's motion, Defendant's counsel requested leave to withdraw from the case. Attached to the motion was an email from Defendant's Chief Operations Officer, stating that based on the company's financial position it could no longer afford the defense of the case, and expressing a desire to avoid further legal fees. (Doc. No. 24.)

On November 15, 2013, in response to request for leave to withdraw, the Court

extended the time for mediation referral, advised Defendant of the Court's program related to pro bono mediation, and ordered Defendant to inform the Court whether it wished to apply to proceed with mediation on a pro bono basis. The Court also advised Defendant that the withdrawal of counsel would ultimately require the entry of default against Defendant, and set a deadline for Defendant to file any objections it might have to the withdrawal of counsel. To assure proper notice to Defendant itself, the Court also required Defendant's counsel to provide Defendant with a copy of the Order and to file a notice with the Court indicating when and how the Order was provided.

On November 27, 2013, Defendant thanked the Court for its efforts regarding mediation, but advised the Court that it did not wish to go forward with the mediation on a pro bono basis. No objections were filed to the withdrawal of counsel, notwithstanding the Court's clear advice that the withdrawal would necessitate the entry of default. On December 5, 2013, the Court allowed defense counsel to withdraw.

Plaintiff then filed the instant motion to strike Defendant's motion for more definite statement and motion for an entry of default on the ground that Defendant, a corporation, is prohibited from proceeding *pro se*. Plaintiff correctly asserts that a corporation may not proceed *pro se*. *See Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (noting that a business entity cannot proceed pro se and that failure to obtain counsel may result in the default of the business entity).

Inasmuch as the Court has taken steps to assure that Defendant has been advised of the consequences of proceeding without counsel, and Defendant has not arranged for representation by counsel, the Court agrees that Plaintiff is entitled to the entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is hereby directed to grant Plaintiff's Motion for Entry of Default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. No. 30.]

**IT IS FURTHER ORDERED** that within fourteen (14) days of the entry of default, Plaintiff shall file a motion for default judgment, together with all necessary supporting documents.

**IT IS FURTHER ORDERED** that Defendant's motion for more definite statement (Doc. No. 9) and Plaintiff's motions to strike (Doc. No. 29) are **DENIED as moot.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2014.