UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV00703 AGF |
| | ) | |
| FIRST RESIDENTIAL MORTGAGE | ) | |
| SERVICES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on the motion of Plaintiff CitiMortgage, Inc. for default judgment against Defendant First Residential Mortgage Services Corporation. Plaintiff is a New York corporation having its principal place of business in Missouri and is engaged in the business of purchasing, reselling, and servicing residential mortgage loans on the secondary mortgage market. Defendant is a New Jersey corporation engaged in the business of originating, sourcing, and reselling residential mortgage loans. Plaintiff asserts that Defendant breached certain loan and underwriting agreements entered into by the parties. For the reasons set forth below, the motion for default judgment will be granted.

Plaintiff filed its complaint on April 15, 2013. (Doc. No. 1.) Defendant was properly served on April 24, 2013. (Doc. No. 5.) On May 2, 2013, attorneys Ronald J. Eisenberg and Robert Schultz of Schultz & Associates, LLP entered their appearance on behalf of Defendant and filed a motion for a more definite statement under Federal Rule

of Civil Procedure 12(e). (Doc. Nos. 7-9.) The parties proceeded with discovery and on September 3, 2013, the Court referred the matter to mediation. (Doc. No. 19.) Defendant's counsel filed a motion to withdraw as attorney on November 4, 2013, stating that Defendant could not afford the cost of the mediation or the defense of the suit. (Doc. No. 24.) On November 15, 2013, the Court extended the deadline for the mediation, and advised Defendant of its ability to request a pro bono mediator. The Court also advised Defendant that a corporation cannot appear *pro se* before the Court and that if substitute counsel was not engaged, default judgment would be entered against Defendant. (Doc. No. 25.) The Court gave Defendant until December 2, 2013, to file any objections to the proposed withdrawal of counsel. No objections were filed, and on December 5, the Court granted the motion of Defendant's counsel to withdraw and reminded Defendant that default judgment would be entered against it unless substitute counsel was engaged. (Doc. No. 28.) At Plaintiff's request, the Clerk of Court entered default against Defendant on January 29, 2014. (Doc. No. 32.) On February 3, 2014, Plaintiff filed a motion for default judgment against Defendant accompanied by affidavits in support of its prayer for damages. (Doc. Nos. 35 & 36.) Defendant has not filed a response to Plaintiff's motion for default judgment, and the time to do so has expired.

**<u>Background</u>**

The allegations of the complaint and the affidavits filed in support indicate that in 2004, the parties entered into a contract ("The Agreement") whereby Plaintiff agreed to purchase from Defendant residential mortgage loans that met certain underwriting criteria. *See* Doc. No. 35-2. The Agreement provided that if Defendant sold Plaintiff a

loan that did not comply with the underwriting requirements, Plaintiff could require Defendant to repurchase the loan. *See id.*

After Plaintiff conducted an audit of loans purchased from Defendant, it identified nine noncompliant loans. Pursuant to the requirements of the Agreement, Plaintiff gave Defendant a notice of the noncompliant loans and demanded that Defendant either cure the underwriting deficiencies or repurchase the loans. Defendants neither cured nor repurchased the loans within the time specified and Plaintiff then brought this action for breach of the Agreement.

**Applicable Law**

Default judgments are disfavored by the law, *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988). A court may exercise its discretion to enter a default judgment where a corporate party fails to abide by the requirement that it be represented by counsel. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (providing that a corporation may not proceed *pro se* and noting that a failure to obtain counsel may lead to default).

Prior to the entry of a default judgment, a court should satisfy itself that the plaintiff is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *Jenkins v. E. Asset Mgmt., LLC*, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *2 (E.D. Mo. Aug. 12, 2009). Because the liability of a defendant is established upon entry of default, once default is entered, the plaintiff is not required to further establish its right to recover. *Brown v. Kenron Aluminum & Glass*

*Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"). Although the factual allegations set forth in the complaint are taken as true, allegations relating to the amount of damages must be proven. Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

## Discussion

Upon review of Plaintiff's complaint and accepting the allegations in the complaint as true, the Court concludes that Plaintiff has established Defendant's breach of the Agreement and that Plaintiff is entitled to a default judgment. With respect to damages, the Court has reviewed and considered the affidavits and documentation Plaintiff offered in support of its prayer, and concludes that Plaintiff's request is appropriate, and will award the damages Plaintiff seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED** in the amount of $763,080.48, plus applicable costs, subject to the filing of a timely and proper Bill of Costs. (Doc. No. 35.)

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order and the accompanying Judgment on Defendant First Residential Mortgage Services Corporation at the address of service employed by the process server.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2014.